**No. 50122.**—Protests 14195–K, etc., of Geo. J. Higginson et al. (Baltimore, etc.).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50123.**—Protest 96553–K of Technicolor Motion Picture Corp. (Los Angeles).

Opinion by EKWALL, J. It was stipulated that the merchandise consists of motion-picture film the same in all material respects as that involved in *Technicolor Motion Picture Corp.* v. *United States* (10 Cust. Ct. 157, C. D. 743). It was held that that case is distinguishable from the instant case in that there the importer made a consumption entry, and protest was filed against the collector's liquidation of duties, while here the collector assessed liquidated damages, but the entry was liquidated free of duty. Government contended that the protest should be dismissed as untimely, having been filed more than 60 days after the decision of the collector as to the amount of the penal sum of the bond. It was held, however, that inasmuch as the entry was liquidated free of duty, the court was without jurisdiction to decide the question of the correctness of the penal sum of the bond. (Abstract 47165 cited.) The protest was therefore dismissed.

BEFORE THE FIRST DIVISION, APRIL 12, 1945

**No. 50124.**—Petitions 6461–R, etc., of Nicholas Gal (New York).

Opinion by OLIVER, P. J. Entry was made on the basis of United States value, and the merchandise was appraised on the basis of foreign value. At the trial the petitioner testified that he made inquiry in Germany as to the prices and conditions under which aluminum foil was sold for home consumption; that prior to entry in all cases he submitted to the appraiser, through his broker, copies of the invoices and all information as to value; that he had several conferences with the customs examiners who handled these importations; and that as a result of his inquiries, he concluded that there was no foreign value for the merchandise in question. In accordance therewith and upon advice of the examiner he made entry on the basis of United States value. From the entire record the court held that it was clear the importer was honestly convinced that United States value was the proper basis upon which entry should have been made; that neither petitioner nor his broker concealed any material facts; and that there was no intent to defraud the revenue of the United States. Entry 761751 in petition 6472–R, having been abandoned, was dismissed. In all other respects the petitions were granted.